IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CRAIG WILLIAMS

CASE NO. 1:23-CV-0037

v.

JURY TRIAL DEMAND

GEORGE LITTLE, ACTING Secretary
Defendant



## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Your Plaintiff brings forth this civil rights action under 42 U.S.C. § 1983 under exigent circumstances seeking a temporary restraining order and preliminary injunction to ensure that he participate in a religious ceremonial feast that's in accordance to his customs and practices of eating meats slaughtered in the Name of Allaah along with other foods and drinks during the festivities.

### Statement of Facts

Plaintiff meticulously stated in his declaration submitted with this motion that: he is a Salafee Muslim who practices the religion of Islaam.

The defendant introduced a policy that desisted all slaughtered meats in the Name of Allaah from coming in from outside vendors. Instead, all religious ceremonial meals will be provided via the prison weekly food menu only.

The Plaintiff will suffer irreparable harm, if he is forced to change his religious behavior (in order to participate in the upcoming yearly feast of 'Eidul-fitr), in the way the D.O.C. deems fit to celebrate.

### ARGUMENT

### POINT 1

STANDARD RELIED ON

When a party is asking for a T.R.O. he must comport with a four part test. That being: (1) a likelihood of success on the merits, (2) that denial of injunctive relief will result in irreparable harm, (3) that granting the temporary order will not result in irreparable harm to the defendant and (4) that granting the T.R.O. is in the public interest. Maldonado V. Houston, 157 F.3d 179, 184 (3d Cir. 1998).

1.

Likewise, the requirements are similar for a preliminary injunction. Saluck V. Rosner, C.A. No. 98-5718, 2003 WL559395, at*2 (E.D. Pa. Feb. 25, 2003).

The primary reason for the purpose pf a T.R.O. and/or P.I. is to preserve the status until a decision can be rendered on the merits. Hope V. Warden York City Prison, 956 F.3d 156, 160 (3d Cir. 2020).

A. The Plaintiff is Threatened with Irreparable Harm.

Your Plaintiff contests that under the Religious Land Use Institutionalized Persons Act the customs and practice of his religious belief are protected and cannot be infringed upon without any penalogical interest.

The defendant's action to reverse policy after over thirty years of permitting slaughtered meats, pies, cakes, salads, fish, pita bread, vegetables and juices, from outside vendors violates the RLIUIPA statute. RLUIPA defines: Sec. 3 Protection of Religious Exercise of Institutionalized Persons:

(a) General Rule- No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, as defined in section 2 of the Civil Rights of Institutionalized Persons Act (42 U.S.C. § 1997), even if the burden results from a rule of general applicability.

Plaintiff contests that he will have a likelihood of success on the merits based on this statute and the First Amendment.

The defendant's policy is the result of a general rule which applies to all faith based groups, and it places a substantial burden on Plaintiff (as a Muslim) to relinquish his customary practice of eating meats slaughtered in the Name of Allaah, and changing his religious behavior to eating meats from the kitchen menu, not slaughtered in the Name of Allaah during the festivity. If this policy is left in place during the month of Ramadaan/April followed by the feast shortly thereafter (less than three months after).

The denial of an injunctive relief will result in irreparable harm because there will be no access to purchase slaughtered meats in the Name of Allaah from outside vendors along with customary practice of having pies, cakes, pita bread, juices, etc.

The granting of a T.R.O. will not result in irreparable harm to the defendant's because the upcoming feast was/is paid for by the Muslim community themselves. The food is then inspected and prepared by the kitchen. If the T.R.O. is granted it will stop the policy from taking effect for this upcoming feast. The food is slected by the religious department and purchased by an approved vendor.

2.

The granting of the T.R.O. is in the public interest because our constitution and statutory law provides safeguards for all to practice freedom of religion without a substantial burden being in place by the government. The public has an interest because each citizen has a constitutional and statutory right to practice their religion in accordance to their belief in the United States.

Plaintiff, is likely to prevail, because a similar policy was in place throughout Michigan D.O.C. and was found unconsitutional. Ackerman V. Washington, 16 F.4th 170 (6th Cir. 2021).

3.

Date: 2|12|23

Respectfully Submitted
/Craig Williams
Craig Williams BX-9919
10745, ROUTE, 18
Albion, Pa. 16475